<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 98-7670**

———————

RAPHAEL ADOLFO THOMAS,

Petitioner - Appellant,

versus

THOMAS R. CORCORAN, Warden,

Respondent - Appellee.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge.  (CA-97-
2053-AMD)

———————

Submitted:  February 11, 1999      Decided:  February 25, 1999

———————

Before ERVIN, NIEMEYER, and TRAXLER, Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

———————

Denise Charlotte Barrett, FEDERAL PUBLIC DEFENDER'S OFFICE, Balti-
more, Maryland, for Appellant.  John Joseph Curran, Jr., Attorney
General, Annabelle Louise Lisic, OFFICE OF THE ATTORNEY GENERAL OF
MARYLAND, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Raphael A. Thomas seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm that portion of the district court's order finding all but one of Thomas' claim procedurally defaulted; we deny a certificate of appealability and dismiss the portion of the district court's order which held that the trial court's jury instruction, regarding witness credibility, was not reversible error.[*] See Thomas v. Corcoran, No. CA-97-2053-AMD (D. Md. Oct. 22, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

---

[*] The district court granted a certificate of appealability only as to whether it correctly applied the doctrine of procedural default to all but one of Thomas's claims. It did not grant a certificate of appealability regarding the jury instruction issue, rather, the court found Thomas failed to meet his burden of showing this claim was not properly adjudicated in the state court's post conviction review proceedings. See 28 U.S.C.A. § 2254(d) (West Supp. 1998).